IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEN GORDON, G7, INC, and
BG4, INC.,

      Plaintiffs and Creditors,      No. 2:10-mc-00070 WBS KJN

  v.

VITALIS PARTNERS, LLC; LARRY
HARMON & ASSOCIATES, P.A.;
KCD DEVELOPMENTS, LLC; LARRY
HARMON, and individual, and KENNY
CRUZ, an individual,

      Defendants.      ORDER

_____/

      Presently before the court is plaintiffs and creditors' ("plaintiffs") *Ex Parte* Application for Order Requiring Examination of Judgment Debtor Larry W. Harmon.[1] (Dkt. No. 4.) Plaintiffs separately filed an Application and Order for Appearance and Examination on Judicial Council of California Form A-138, EJ-125 [Rev. July 1, 2000]. (Dkt. No. 5.) These filings will be referred to collectively as the "Applications." For the reasons stated below, the undersigned denies plaintiffs' Applications without prejudice on the grounds that the

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(11) and 28 U.S.C. § 636(b)(1).

1

Applications do not conform with the requirements of California Code of Civil Procedure § 708.160(d).

On June 25, 2010, plaintiffs registered with this court a foreign judgment in an amount of $1,386,666.67, which was previously entered by the United States District Court for the Northern District of Illinois in the matter entitled <u>Ben Gordon, et al. v. Vitalis Partners, LLC, et al.</u>, case number 07 C 6807.  (Dkt. No. 1; <u>see also</u> Dkt. No. 5, Attachment.)  Although the certified copy of the judgment on file with this court does not clearly indicate whether the judgment in question was entered against the judgment debtor who is the subject of the requested examination here—defendant Larry W. Harmon, an individual—the Declaration of Larissa G. Nefulda avers under penalty of perjury that Mr. Harmon is subject to the judgment in question.  (Nefulda Decl. ¶ 2, Dkt. No. 4.)

On November 19, 2010, plaintiffs filed the Applications that are the subject of this order.  Plaintiffs request that Mr. Harmon appear personally for a judgment debtor examination and be required to bring with him documents responsive to 129 broad requests for production of documents.[2]

Pursuant to Federal Rule of Civil Procedure 69(a)(1), the "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  In turn, California Code of Civil Procedure § 708.160 provides, in part:

> (a) Except as otherwise provided in this section, the proper court for examination of a person under this article is the court in which the money judgment is entered.
>
> (b) A person sought to be examined may not be required to attend an

---

[2] The undersigned expresses no view regarding plaintiffs' document requests.  However, plaintiffs are reminded that such requests must conform to the requirements of the Federal Rules of Civil Procedure or the California Code of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.").

> examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles.
>
> (c) If a person sought to be examined does not reside or have a place of business in the county where the judgment is entered, the superior court in the county where the person resides or has a place of business is a proper court for examination of the person.

Cal. Civ. Proc. Code §§ 708.160(a)-(c). Section 708.160(d) further provides, in part:

> If the judgment creditor seeks an examination of a person before a court other than the court in which the judgment is entered, the judgment creditor shall file an application that shall include all of the following:
>
> (1) An abstract of judgment in the form prescribed by [California Code of Civil Procedure] Section 674.
>
> (2) An affidavit in support of the application stating the place of residence or place of business of the person sought to be examined. . . .

Id. §§ 708.160(d)(1)-(2).

Here, the judgment at issue was entered in the United States District Court for the Northern District of Illinois, and plaintiffs seek to examine Mr. Harmon in the United States District Court for the Eastern District of California. Accordingly, plaintiffs are required to file an application for the examination of the judgment debtor that conforms to the requirements of California Code of Civil Procedure § 708.160(d). Plaintiffs' Applications do not conform with the requirements of subsections (1) and (2) of Section 708.160(d).

First, the Certification of Judgment and related materials submitted by plaintiffs is not in the form prescribed in California Code of Civil Procedure § 674, which is required by California Code of Civil Procedure § 708.160(d)(1). Specifically, the judgment-related materials submitted by plaintiffs do not contain the "name and last known address of the judgment debtor and the address at which the summons was either personally served or mailed to the judgment debtor or the judgment debtor's attorney of record." See Cal. Civ. Proc. Code § 674(a)(3). Additionally, the Certification of Judgment and related materials do not contain the "name and address of the judgment creditor." Id. § 674(a)(4). Furthermore, the materials submitted by

1  plaintiffs do not include certain required information related to Mr. Harmon's Social Security

2  number and driver's license number. See id. § 674(a)(6). Additionally, although the

3  Certification of Judgment indicates that no notice of appeal or motions provided for in Federal

4  Rule of Appellate Procedure 4(a) have been filed, it does not technically conform with the

5  requirement that the abstract of judgment indicate "[w]hether a stay of enforcement has been

6  ordered by the court and, if so, the date the stay ends." Id. § 674(a)(7).

7        Second, plaintiffs have not submitted an affidavit that states the place of residence

8  or place of business of Mr. Harmon. See Cal. Civ. Proc. Code § 708.160(d)(2). The Declaration

9  of Larissa G. Nefulda does not contain this required information.[3] As a result, the undersigned

10 cannot evaluate whether this court serves as the proper venue for a judgment debtor examination

11 of Mr. Harmon.

12       Plaintiffs' ex parte Applications in furtherance of a judgment debtor examination

13 of Mr. Harmon do not conform with the California Code of Civil Procedure.[4] Accordingly, IT IS

14 HEREBY ORDERED that plaintiff's Applications (Dkt. Nos. 4, 5) are denied without prejudice.

15       IT IS SO ORDERED.

16 DATED: December 3, 2010

                                                KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Moreover, the Application and Order for Appearance and Examination filed by plaintiffs on a Judicial Council of California form appears to be incomplete in that plaintiffs did not mark box number 7, which relates to whether this court is the court in which the money judgment was entered. (See Dkt. No. 5.)

[4] Plaintiffs have submitted with their ex parte application a proposed order regarding the desired examination. The undersigned notes that plaintiffs' proposed order does not contain the notice required by California Code of Civil Procedure § 708.110(e). Section 708.110(e) provides: "The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: 'NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.'" Id.