1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BEN GORDON, G7, INC, and
     BG4, INC.,

11

12          Plaintiffs and Creditors,          No. 2:10-mc-00070 WBS KJN

13          v.

14   VITALIS PARTNERS, LLC; LARRY
     HARMON & ASSOCIATES, P.A.;
15   KCD DEVELOPMENTS, LLC; LARRY
     HARMON, and individual, and KENNY
16   CRUZ, an individual,

17          Defendants.                          ORDER
     _____/

18          Presently before the court is plaintiffs and judgment creditors' ("plaintiffs")

19   Motion To Amend Judgment To Add Third Party As Judgment Debtor (the "Motion To Amend

20   Judgment"), and Request For Judicial Notice in support thereof.[1]  (Mot. to Amend J., Dkt.

21

22          [1]  At its commencement, this matter proceeded before the undersigned pursuant to Eastern
     District of California Local Rule 302(c)(11) ["Examinations of judgment debtors"] and 28
23   U.S.C. § 636(b)(1).  (Dkt. No. 4 (Mot. for Order Requiring Exam. of J. Debtor).)  Given that
     plaintiffs have now requested the court's intervention outside the scope of a judgment debtor
24   examination, however, it is not clear whether this matter should continue to proceed before the
     undersigned pursuant to any subdivision of Local Rule 302(c).  Upon receipt of plaintiffs'
25   supplemental briefing (described herein), the court will be better equipped to determine whether
     this matter should proceed before the undersigned Magistrate Judge as noticed, or alternatively,
26   should proceed before the assigned District Judge.

1

1  No. 19; Request for Jud. Not., 24.)

2         Plaintiffs' Motion To Amend Judgment asks this court to alter a judgment entered

3  by *another* federal district court.  (Mot. to Amend J. at 2-3.)  Specifically, plaintiffs' motion asks

4  this court to add a new judgment debtor, Harmon-Castillo, LLP ("H-C") to the judgment of the

5  court of the Northern District of Illinois.

6         The Northern District of Illinois entered judgment in plaintiffs' favor on January

7  27, 2010 (the "Judgment").  (Mot. to Amend J. at 2-3.)  Plaintiffs "registered" that Judgment

8  "with this court on June 25, 2010 as the Judgment Debtors reside in this District."  (Id. at 4; see

9  Reg. of Foreign J., Dkt. No. 1.)  Plaintiffs sought to enforce the Judgment in the Eastern District

10 of California, and asked this court to issue an Order Requiring the Examination of Judgment

11 Debtor Larry Harmon.  (Dkt. No. 8.)  The court ordered the examination of this judgment debtor.

12 (Dkt. No. 10.) This court's only role in this dispute, thus far, has been to order the examination

13 of judgment debtor Larry Harmon.  (Dkt. No. 8 at 1.)  This court had no involvement in the

14 underlying action that led to entry of the final Judgment in the Northern District of Illinois.

15         While plaintiffs frame their motion as within the scope of "enforcing" a final

16 Judgment, what plaintiffs are actually requesting is that this court make a substantive amendment

17 to the Judgment of a different federal district court.  Plaintiffs' Motion To Amend Judgment fails

18 to cite to any federal statutes or cases that expressly permit one federal district court to make

19 changes or additions to the judgment of a *different* federal district court.  Plaintiffs' Motion To

20 Amend Judgment also fails to cite to any federal statutes or cases that expressly permit one

21 federal district court to add judgment debtors to the final judgment of a different district court.

22 The only federal statute plaintiffs' motion references is Federal Rule of Civil Procedure 69(a)(1),

23 which speaks to enforcing judgments but does not itself address whether federal district courts

24 may substantively amend final judgments entered by other federal district courts.  The court

25 declines to make substantive alterations to *another district court's judgment* absent federal

26 authority clarifying that this court has the power to do so.

                                        2

1    It may be that plaintiffs' Motion To Amend Judgment would be more

2  appropriately filed in the Northern District of Illinois, as that court would appear better suited to

3  "amend" its own judgment.  However, the undersigned makes no such finding at this time, and

4  will give plaintiffs an opportunity to file supplemental briefing describing federal authority that

5  expressly addresses whether and when one federal district court has the power to substantively

6  "amend" the final judgment of a *different* federal district court.

7    Accordingly, it is HEREBY ORDERED THAT:

8    1.    The hearing currently set for **Thursday, December 29, 2011**, regarding

9  plaintiff's Motion To Amend Judgment (Dkt. No. 19) is hereby **CONTINUED** to **Thursday,**

10  **February 9, 2012**, at 10:00 a.m., in Courtroom 25.

11    2.    Plaintiffs' supplemental briefing shall be filed by **January 12, 2012.**

12  Plaintiffs' supplemental briefing shall discuss federal authorities addressing whether and when

13  one federal district court has the power to make substantive alterations to the final judgment of a

14  *different* federal district court.  Plaintiff's supplemental briefing shall also discuss federal

15  authorities addressing whether and when one federal district court has the ability to *add a new*

16  *judgment debtor* to the final judgment of a *different* federal district court.

17    3.    Any briefing in opposition to plaintiffs' Motion To Amend Judgment,

18  including plaintiff's supplemental briefing, shall be filed by **January 26, 2012.**

19    4.    Plaintiffs' reply briefing in support of the Motion To Amend Judgment

20  shall be filed by **February 2, 2012.**

21    IT IS SO ORDERED.

22  DATED:  December 2, 2011

23

24    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

25

26

3