IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEN GORDON, G7, INC, and
BG4, INC.,

    Plaintiffs and Creditors,        No. 2:10-mc-00070 WBS KJN

  v.

VITALIS PARTNERS, LLC; LARRY
HARMON & ASSOCIATES, P.A.;
KCD DEVELOPMENTS, LLC; LARRY
HARMON, and individual, and KENNY
CRUZ, an individual,

    Defendants.        <u>ORDER</u>
_____/

    Presently before the court is plaintiffs and judgment creditors' ("plaintiffs") Motion To Amend Judgment To Add Third Party As Judgment Debtor (the "Motion To Amend Judgment"), and Request For Judicial Notice in support thereof.[1] (Mot. to Amend J., Dkt.

---

[1] At its commencement, this matter proceeded before the undersigned pursuant to Eastern District of California Local Rule 302(c)(11) ["Examinations of judgment debtors"] and 28 U.S.C. § 636(b)(1). (Dkt. No. 4 (Mot. for Order Requiring Exam. of J. Debtor).) Given that plaintiffs have now requested the court's intervention outside the scope of a judgment debtor examination, however, it is not clear whether this matter should continue to proceed before the undersigned pursuant to any subdivision of Local Rule 302(c). Upon receipt of plaintiffs' supplemental briefing (described herein), the court will be better equipped to determine whether this matter should proceed before the undersigned Magistrate Judge as noticed, or alternatively, should proceed before the assigned District Judge.

No. 19; Request for Jud. Not., 24.)

Plaintiffs' Motion To Amend Judgment asks this court to alter a judgment entered by *another* federal district court. (Mot. to Amend J. at 2-3.) Specifically, plaintiffs' motion asks this court to add a new judgment debtor, Harmon-Castillo, LLP ("H-C") to the judgment of the court of the Northern District of Illinois.

The Northern District of Illinois entered judgment in plaintiffs' favor on January 27, 2010 (the "Judgment"). (Mot. to Amend J. at 2-3.) Plaintiffs "registered" that Judgment "with this court on June 25, 2010 as the Judgment Debtors reside in this District." (Id. at 4; see Reg. of Foreign J., Dkt. No. 1.) Plaintiffs sought to enforce the Judgment in the Eastern District of California, and asked this court to issue an Order Requiring the Examination of Judgment Debtor Larry Harmon. (Dkt. No. 8.) The court ordered the examination of this judgment debtor. (Dkt. No. 10.) This court's only role in this dispute, thus far, has been to order the examination of judgment debtor Larry Harmon. (Dkt. No. 8 at 1.) This court had no involvement in the underlying action that led to entry of the final Judgment in the Northern District of Illinois.

While plaintiffs frame their motion as within the scope of "enforcing" a final Judgment, what plaintiffs are actually requesting is that this court make a substantive amendment to the Judgment of a different federal district court. Plaintiffs' Motion To Amend Judgment fails to cite to any federal statutes or cases that expressly permit one federal district court to make changes or additions to the judgment of a *different* federal district court. Plaintiffs' Motion To Amend Judgment also fails to cite to any federal statutes or cases that expressly permit one federal district court to add judgment debtors to the final judgment of a different district court. The only federal statute plaintiffs' motion references is Federal Rule of Civil Procedure 69(a)(1), which speaks to enforcing judgments but does not itself address whether federal district courts may substantively amend final judgments entered by other federal district courts. The court declines to make substantive alterations to *another district court's judgment* absent federal authority clarifying that this court has the power to do so.

It may be that plaintiffs' Motion To Amend Judgment would be more appropriately filed in the Northern District of Illinois, as that court would appear better suited to "amend" its own judgment.  However, the undersigned makes no such finding at this time, and will give plaintiffs an opportunity to file supplemental briefing describing federal authority that expressly addresses whether and when one federal district court has the power to substantively "amend" the final judgment of a *different* federal district court.

Accordingly, it is HEREBY ORDERED THAT:

1. The hearing currently set for **Thursday, December 29, 2011**, regarding plaintiff's Motion To Amend Judgment (Dkt. No. 19) is hereby **CONTINUED** to **Thursday, February 9, 2012**, at 10:00 a.m., in Courtroom 25.

2. Plaintiffs' supplemental briefing shall be filed by **January 12, 2012.** Plaintiffs' supplemental briefing shall discuss federal authorities addressing whether and when one federal district court has the power to make substantive alterations to the final judgment of a *different* federal district court.  Plaintiff's supplemental briefing shall also discuss federal authorities addressing whether and when one federal district court has the ability to *add a new judgment debtor* to the final judgment of a *different* federal district court.

3. Any briefing in opposition to plaintiffs' Motion To Amend Judgment, including plaintiff's supplemental briefing, shall be filed by **January 26, 2012.**

4. Plaintiffs' reply briefing in support of the Motion To Amend Judgment shall be filed by **February 2, 2012.**

IT IS SO ORDERED.

DATED: December 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE