IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEN GORDON, G7, INC., and
BG4, INC.,

      Plaintiffs and Creditors,      No. 2:10-mc-00070 WBS KJN

  v.

VITALIS PARTNERS, LLC; LARRY
HARMON & ASSOCIATES, P.A.;
KCD DEVELOPMENTS, LLC; LARRY
HARMON, and individual, and KENNY
CRUZ, an individual,

      Defendants.      ORDER
_____/

      Presently before the court is plaintiffs' and judgment creditors' ("plaintiffs") Application And Order For Appearance And Examination Of Third Party In Connection With Enforcement Of Judgment (the "Application").[1]  (Application, Dkt. No. 29.)[2]  Pursuant to

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(11) ["Examinations of judgment debtors"] and 28 U.S.C. § 636(b)(1).

[2] On January 4, 2012, plaintiffs filed an initial Application (Dkt. No. 28) seeking an order requiring "Frank Castillo" to appear for examination.  Two days later, on January 6, 2012, plaintiffs filed an Amended Application (Dkt. No. 29) seeking an order requiring "Harmon-Castillo, LLP" to appear for an examination, and designating "Frank Castillo" to appear and be examined "on behalf of Harmon-Castillo, LLP.  The undersigned considers only the latter-filed document to be plaintiffs' Application.

Federal Rule of Civil Procedure 69 and California Code of Civil Procedure § 708.120(a), plaintiffs' Application requests an order requiring third party Frank Castillo "to appear and furnish information to aid in the enforcement of the money judgment entered in this case." (Application at 1.) For the reasons stated below, the undersigned denies plaintiffs' Application without prejudice to refiling.

By way of background, the Northern District of Illinois entered a judgment in plaintiffs' favor on January 27, 2010 (the "Judgment"). (See e.g. Dkt. No. 19 at 2-3.) Plaintiffs "registered" that Judgment "with this court on June 25, 2010 as the Judgment Debtors reside in this District." (Id. at 4; see Reg. of Foreign J., Dkt. No. 1.) This court's only role in this dispute, thus far, has been to order the examination of judgment debtor Larry Harmon. (Dkt. No. 8 at 1.) This court had no involvement in the underlying action that led to entry of the final Judgment in the Northern District of Illinois.

Federal Rule of Civil Procedure 69(a)(1) provides that, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Because Rule 69(a)(1) references state procedural rules, the undersigned turns to California Code of Civil Procedure § 708.120 (Application for Order Requiring Third Person's Appearance); § 708.150 (Appearance When Corporation, Partnership, Association, or Other Organization Served); § 708.160 (Proper Court in Examination Proceedings).

Pursuant to California Code of Civil Procedure § 708.160(a), "[e]xcept as otherwise provided in this section, the proper court for examination of a person under this article is the court in which the money judgment is entered." Further, pursuant to California Code of Civil Procedure § 708.160(d),

> If the judgment creditor seeks an examination of a person before a court **other than** the court in which the judgment is entered, the judgment creditor **shall file an application that**

1 **shall include all of the following**:

2 (1) An **abstract of judgment** in the form prescribed by Section 674.

3

4 (2) An **affidavit** in support of the application **stating the place of residence or place of business of the person sought to be examined**.

5

6 (3) Any necessary affidavit or showing for the examination as required by Section 708.110 or 708.120.

7 (4) The filing fee for a motion as provided in subdivision (a) of Section 70617 of the Government Code.

8

9 Cal. Civ. Proc. Code § 708.160(d) (emphasis added).

10       Here, the Judgment at issue was entered in the United States District Court for the

11 Northern District of Illinois, and plaintiffs seek to examine Castillo-Harmon LLP (and more

12 specifically, Frank Castillo on behalf of Castillo-Harmon LLP) in the United States

13 District Court for the Eastern District of California pursuant to Federal Rule of Civil Procedure

14 69(a)(2). As described above, this court was *not* the court "in which the money judgment [was]

15 entered." Cal. Civ. Proc. Code § 708.160(a). Accordingly, plaintiffs are required to file an

16 application for the examination of the judgment debtor that conforms to the requirements of

17 California Code of Civil Procedure § 708.160(d).

18       Plaintiffs' Application does not conform to the requirements of California Code of

19 Civil Procedure § 708.160(d). First, plaintiffs failed to "include" an "abstract of judgment,"

20 when they filed their Application. See Cal. Civ. Proc. Code § 708.160(d)(1). This alone renders

21 the Application deficient under California Code of Civil Procedure § 708.160(d).[3]

22       Second, while plaintiffs' counsel, attorney Donald P. Brigham, filed a declaration

23 in support of plaintiff's Application (Declaration of Donald P. Brigham ("Brigham Decl.") Dkt.

24 _____

25 [3] While plaintiffs have previously filed Abstracts of Judgment in this action (see Dkt. Nos. 15-17), the plain text of the applicable rule requires that the Application itself "include" the
26 relevant "abstract of judgment."

3

1  No. 29-1), that declaration fails to state the **"place of business of the person sought to be**
2  **examined**." See Cal. Civ. Proc. Code § 708.160(d)(2) (emphasis added).[4]  As a result, the
3  undersigned cannot evaluate whether this court serves as the proper venue for an examination of
4  Castillo-Harmon, LLP (or for an examination of Frank Castillo on behalf of the LLP).[5]
5        The requirements California Code of Civil Procedure § 708.160(d) must be
6  satisfied before plaintiffs' Application can be granted.  The undersigned notes that one of his
7  previous orders directed plaintiffs to the elements of California Code of Civil Procedure §
8  708.160(d), and moreover, notes that plaintiffs have had prior applications denied for failure to
9  comply therewith.  (Dkt. No. 6 (denying plaintiffs' applications without prejudice for failure to
10  comply with California Code of Civil Procedure § 7-8.160(d)).)  The undersigned directs
11  plaintiffs to that same code section yet again.[6]
12  ////
13  ////
14  ////
15  ////
16  ////
17  ////

---

[4]  The undersigned notes that plaintiff's Application itself represents that "[t]he person to be examined resides or has a place of business in this county or within 150 miles of the place of examination." (Application at 2.)  However, this statement is not substantiated with any supporting affidavit or declaration under penalty of perjury.  The plain text of California Code of Civil Procedure § 708.160(d)(2) specifically requires that this information be stated within a sworn "affidavit."

[5]  The undersigned also notes that plaintiff's Application itself represents that "[t]his court is the court in which the money judgment is entered." (Application at 2.)  However, given that the Judgment itself was entered in the United States District Court for the Northern District of Illinois, this representation is erroneous.  It is also not substantiated with any supporting affidavit or declaration under penalty of perjury.

[6]  If plaintiffs submit future applications that are defective for these same reasons, such applications will be summarily denied.

4

1  Accordingly, it is HEREBY ORDERED THAT plaintiffs' Application (Dkt. No.
2  29) does not conform with the California Code of Civil Procedure, and the Application is denied
3  without prejudice.
4  IT IS SO ORDERED.
5  DATED: January 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE