IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., <br><br>           Plaintiffs and Creditors, <br><br>     v. <br><br> VITALIS PARTNERS, LLC; LARRY HARMON & ASSOCIATES, P.A.; KCD DEVELOPMENTS, LLC; LARRY HARMON, and individual, and KENNY CRUZ, an individual, <br><br>           Defendants. <br> _____/ | No. 2:10-mc-00070 WBS KJN <br><br><br><br><br><br> ORDER FOR APPEARANCE AND EXAMINATION OF <u>HARMON-CASTILLO, LLP</u> |

Presently before the court is plaintiffs' and judgment creditors' ("plaintiffs") Application For Appearance And Examination Of Third Party In Connection With Enforcement Of Judgment ("Application").[1]  (Application, Dkt. No. 41).[2]  Pursuant to Federal Rule of Civil

---

[1]  This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(11) ["Examinations of judgment debtors"] and 28 U.S.C. § 636(b)(1).

[2]  On January 6, 2012, plaintiffs filed an Amended Application (Dkt. No. 29) seeking an order requiring "Harmon-Castillo, LLP" to appear for an examination, and designating "Frank Castillo" to appear and be examined "on behalf of Harmon-Castillo, LLP.  The undersigned denied the Amended Application without prejudice for failure to satisfy the requirements of Cal.

1

Procedure 69 and California Code of Civil Procedure § 708.120(a), plaintiffs' requests an order requiring third party Harmon-Castillo, LLP ("Harmon-Castillo"), purported to be a California Limited Liability Partnership of Accountants "to appear and furnish information to aid in the enforcement of the money judgment entered in this case." (Application at 1.) Plaintiffs further designate that Frank Castillo ("Castillo"), a partner in Harmon-Castillo, "be ordered to appear and examined on behalf of Harmon-Castillo." (Id. at 1-2.) Defendants and judgment debtors ("defendants") oppose the Application. For the reasons stated below, the undersigned grants the Application.

      Defendants oppose the Application on the ground that plaintiffs do not satisfy the requirement in California Code of Civil Procedure § 708.120(a) that the Application contain "proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)". (Opposition, Dk. No. 44 at 1.) Although defendants recognize that California Code of Civil Procedure § 708.120(a) allows the judgment creditor's affidavit in support of its application to "be based on the affiant's information and belief," defendants assert that plaintiffs' affidavit in support of the Application ("Affidavit") (Dkt. No. 42) "does not contain facts sufficient to support the issuance of the order" that plaintiffs seek. (Dkt. No. 44. at 1-2.)

      The undersigned concludes that plaintiffs' Affidavit sets forth facts to support the affiant's information and belief that Harmon-Castillo "is in possession or control over property in which the judgment debtor, Larry Harmon has an interest or owes a debt or obligation to Harmon exceeding two hundred-fifty dollars," based entirely on judgment debtor Larry Harmon's ("Harmon") sworn testimony during his debtor examination conducted over two sessions in January and April 2011. (Dkt. No. 42 at 1-2.) According to the Affidavit, Harmon testified that

---

Civ. Proc. Code § 708.160(d)(1)&(2). (Order, Dkt. No. 39.)

he earns his livelihood as a Certified Public Accountant through Harmon-Castillo, that he received approximately one million dollars from Harmon-Castillo during the period 2008 through 2010, and that he receives expense reimbursements from Harmon-Castillo. (Id. at 4.) The Affidavit further states Harmon testified that, although he did not take a distribution from Harmon-Castillo in 2010 because the partnership had not been paid money due from the State of California, Harmon will take a distribution when Harmon-Castillo is paid by the State of California. (Id.) The undersigned is satisfied that the facts in the Affidavit support plaintiffs' information and belief that Harmon-Castillo "has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)." *See* Cal. Civ. Proc. Code § 708.120(a).[3]

Having concluded that plaintiffs' Application makes the showing required by Federal Rule of Civil Procedure 69(a)(2) and the applicable provisions of California Code of Civil Procedure §§ 708.110 et seq., IT IS HEREBY ORDERED:

1. Frank Castillo shall appear personally, on behalf of Harmon-Castillo, LLP, on **Monday, July 23, 2012, at 9:00 a.m.**,[4] in Courtroom 25 of the United States District Courthouse, located at **501 "I" Street, Sacramento, California, 95814**, to furnish information concerning property in Harmon-Castillo, LLP's possession or under its control, in which Larry Harmon has an interest and to furnish information concerning any debt or obligation owed by

---

[3] On May 8, 2012, this court granted plaintiffs' Motion to Charge Partner's Interest the interest of defendant and debtor Larry Harmon & Associates, P.A. in Harmon-Castillo. (Charging Order, Dkt. No. 65.) Contrary to defendants' assertion (Dkt. No. 44 at 3), the Charging Order does not eliminate plaintiffs' right under California Code of Civil Procedure § 708.120 to examine a third party that "has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)." Finally, defendants challenge the form of plaintiffs' proposed order. (Dkt. No. 44 at 3.) This challenge is without merit because plaintiffs' proposed order does not contain the language defendants oppose.

[4] If the parties and witness wish to select a different date and time for this examination and are in agreement on such a change, they are welcome to select a different date and time and so inform the court.

3

1  Harmon-Castillo, LLP to Larry Harmon exceeding two hundred fifty dollars ($250).

2      2. This order may be served by the United States Marshal Service or registered
3  process server.

4      3. This order must be served not less than ten days before the date set for Frank
5  Castillo's examination.

6      **NOTICE TO PERSON SERVED. If you fail to appear at the time and place
7  specified in this order, you may be subject to arrest and punishment for contempt of court
8  and the court may make an order requiring you to pay the reasonable attorney's fees
9  incurred by the judgment creditor in this proceeding.**

10     **NOTICE TO JUDGMENT DEBTOR. The person in whose favor the
11  judgment was entered in this action claims that the person to be examined pursuant to this
12  order has possession or control of property which is yours or owes you a debt. This
13  property or debt is as follows: Real or personal property of any nature kind or description
14  and all claims, debts and/or obligations of any nature kind or description now owing or
15  hereafter owing to you by Harmon-Castillo, LLP. If you claim that all or any portion of
16  this property or debt is exempt from enforcement of the money judgment, you must file
17  your exemption claim in writing with the court and personally serve a copy on the
18  judgment creditor not later than three days before the date set for the examination. You
19  must appear at the time and place set for this examination to establish your claim of
20  exemption or your exemption may be waived.**

21     IT IS SO ORDERED.
22  DATED: May 16, 2012

          _____
          KENDALL J. NEWMAN
          UNITED STATES MAGISTRATE JUDGE

4