1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BEN GORDON, G7, INC, and
     BG4, INC.,
11
                 Plaintiffs and Creditors,          No. 2:10-mc-00070 WBS KJN
12
             v.
13
     VITALIS PARTNERS, LLC, et al.,
14
                 Defendants.                        ORDER
15
     _____/
16

17          On September 27, 2012, counsel for defendant Larry W. Harmon filed the

18   proposed stipulated settlement (the "Stipulation") currently pending before the undersigned.[1]

19   (Stipulation, Dkt. No. 77.)  For the reasons that follow, the undersigned declines to approve the

20   proposed Stipulation as currently drafted.  The parties shall have 30 days from the date of this

21   order in which to file a revised Stipulation, or, in the alternative, supplemental briefing

22   supporting the current Stipulation and addressing each of the issues described below.

23
           [1]  At its commencement, this matter proceeded before the undersigned pursuant to Eastern
24   District of California Local Rule 302(c)(11) ["Examinations of judgment debtors"] and 28
     U.S.C. § 636(b)(1).  (Dkt. No. 4 (Mot. for Order Requiring Exam. of J. Debtor).)  Given that
25   plaintiffs have now requested the court's intervention outside the scope of a judgment debtor
     examination, however, it is not clear whether this matter should continue to proceed before the
26   undersigned pursuant to any subdivision of Local Rule 302(c), as described below.

                                                   1

I.      BACKGROUND

The Northern District of Illinois entered a judgment in plaintiffs' favor on January 27, 2010 (the "Judgment").  (See Dkt. No. 19 at 2-3.)  On June 25, 2010, plaintiffs "registered" that foreign judgment in the amount of $1,386,666.67 in the Eastern District of California on grounds that "the Judgment Debtors reside in this District."  (Dkt. No. 1; see also Dkt. No. 5, Attachment.)  Plaintiffs sought to enforce the Judgment in the Eastern District of California, and asked this court to issue an Order Requiring the Examination of Judgment Debtor Larry Harmon. (Dkt. No. 8.)  The court ordered the examination defendant Harmon as a judgment debtor.  (Dkt. No. 10.)  This court had no involvement in the underlying action that led to entry of the final Judgment in the Northern District of Illinois.  In fact, this court's only role in this dispute, thus far, has been to order the examinations of judgment debtor Larry Harmon (Dkt. No. 8 at 1, Dkt. No. 69), Frank Castillo on behalf of third party Harmon-Castillo LLP (Dkt. No. 68), and of a third party custodian of records (Dkt. No. 70).

II.     DISCUSSION

A.      *Jurisdiction In Eastern District Of California vs. Northern District Of Illinois*

The parties have not compellingly shown that the Eastern District of California has authority to approve the settlement of a suit filed in this court solely to "enforce" the judgment of a district court in Illinois.  If the Stipulation is intended to "settle" the enforcement action filed in this court, but not to settle *all* of the defendant's debts to plaintiffs that arise from the Judgment, the Stipulation is unclear in this regard.

B.      *Magistrate Judge's Authority And Timing Issues*

Even if the Eastern District of California properly has jurisdiction to approve the settlement of this enforcement action, it is not clear that the undersigned magistrate judge has authority/jurisdiction to approve the Stipulation.  The magistrate judge's authority in this particular case has been pursuant to Eastern District of California Local Rule 302(c)(11)

1  ["Examinations of judgment debtors"].  The pending Stipulation does not fall into the category of

2  an "examination of judgment debtor."  Accordingly, the parties are invited to review Local Rule

3  302 and to consider refiling the Stipulation before the assigned United States District Judge.

4          Further, *if* the parties were to show that the undersigned has authority to approve

5  the Stipulation, given that the Stipulation would potentially dispose of this case, at minimum the

6  undersigned would have to issue proposed Findings and Recommendations for the district

7  judge's review before the Stipulation can be fully approved.  If time is of the essence to the

8  parties — and it seems to be, given certain upcoming dates listed in the Stipulation — the parties

9  will likely need to request resolution of the Stipulation upon shortened time, request the district

10 judge's approval of proposed Findings and Recommendations on shortened time, and/or seek

11 some similar form of emergency relief.

12          C.      *Substantive Questions About The Stipulation's Terms*

13          Even if the parties compellingly demonstrate that the undersigned has authority to

14 approve of their Stipulation, substantive questions exist.

15          1.      The Unnamed "Lender"

16          The parties deliberately decline to reveal the identity of a "Lender" that is

17 repeatedly and materially referenced in the Stipulation.  Yet, the parties offer no reason for the

18 secrecy surrounding the identity of the "Lender."   Similarly, the "Lender's" name is redacted

19 from Exhibit B to the Stipulation, but no reason is given for the redaction.  Given that the Lender

20 appears to play a somewhat significant role in the proposed stipulated settlement, the parties

21 should identify the Lender, or explain why no such identification is necessary, or explain the

22 need for secrecy with respect to the Lender's identity.

23          2.      The "Assignment" And The Non-Disclosure Provision

24          According to the terms of the proposed Stipulation, the "Lender" has assigned to

25 defendant Larry Harmon & Associates ("LHA") the "right to apply for" money (in the form of \

26 ////

                                            3

1  sales tax refunds)[2] from the State of California.  Moreover, as part of the stipulated settlement,

2  LHA seeks to transfer those refunds to plaintiff Gordon immediately upon receiving them.  On

3  the undersigned's review, the Stipulation reflects that LHA is effectively promising to obtain the

4  money from the State of California, and then to immediately pay it to plaintiff "forthwith" and

5  "by check."  (Stipulation ¶¶ 3-4.)  However, the parties' Stipulation also references California

6  Regulation 1642(i)(4)(A)(8) (the "Regulation"), and under that regulation, it appears that LHA is

7  *not allowed to assign the right* to receive the refunds.  See Cal. Code Regs. tit. 18, § 1642.

8         If Regulation 1642(i)(4)(A)(8) specifically prohibits LHA from "assigning" its

9  right to be paid certain state refund monies, but LHA has promised to "forthwith" pay those

10 monies to Gordon, have the parties effectively agreed to do an end-run around the Regulation's

11 prohibition on assignment of the refunds?  Perhaps not, but the parties have not compellingly

12 explained as much.

13        The Stipulation also contains a rather odd non-disclosure provision relating to this

14 potential end-run around the Regulation's prohibition on assignment of the refunds.  The

15 Stipulation includes the following provision: "[Plaintiff Gordon] shall not inform (directly or

16 indirectly) any instrumentality of the State of California that Gordon has or asserts a claim or

17 right against that refund, or that [defendant] Harmon has made any agreements with Gordon or

18 anyone else respecting it."  (Stipulation ¶ 3.)  Somewhat disconcertingly, the parties do not

19

20   [2]  When buyers default on their payments to the retailers/lenders, the State of California
     returns sales taxes that the retailers/lenders paid to the State for those sales.  According to a
21   treatise, "[s]tate sales tax statutes generally require a vendor to collect the tax from the purchaser
     at the time of the sale and to remit the tax to the state with a tax return for the period in which the
22   sale occurred. Thus, a vendor making a credit or installment sale to a customer who later defaults
     in payment will have remitted sales tax to the state that it could not collect from the customer.
23   'Bad debt' statutes provide relief to vendors in this situation. These statutes allow a vendor to
     credit the uncollectible amount of sales taxes against the taxes due on a subsequent tax return or,
24   with the same result, to deduct the uncollectible receipts in computing the taxable receipts on
     such return.  Some statutes also provide for a refund of the uncollected sales taxes previously
25   paid."  James A. Amdur, Recovery of Sales Taxes Paid on Bad Debts, 38 A.L.R. 6th 255 (2008).
     Here, an unidentified "Lender" has assigned LHA the right to receive the sales taxes the state
26   intends to pay to the Lender.  LHA now wants to pay those refunded sales taxes to plaintiff
     Gordon as part of a stipulated settlement.

4

1  explain why they do not want the State of California to be made aware, directly or indirectly,

2  about their Stipulation.  Perhaps the reason is because if the State knew LHA was going to

3  immediately pay Gordon the refund money, then the State would not pay out the money.  The

4  undersigned does not prejudge these issues, and notes only that the parties have not offered any

5  explanations for the above-described provisions of the Stipulation.

6                 3.      A Contract vs. A Court Order

7          It is unclear whether the Stipulation, which is already an agreement between the

8  signing parties, also truly needs to be a court order.  While a settlement agreement is typically a

9  binding contract between the parties regardless of whether the court approves it, here the parties

10  have agreed that "[t]he foregoing agreements shall be effective only upon the entry by the Court

11  of its order containing the provisions set forth" herein.  (Stipulation ¶ 10.)

12          Given this provision, it is not entirely clear whether any of the parties would

13  decline to enter into the Stipulation were it not also an order of the court.  At minimum, the

14  parties have not explained the need for the court's approval of their Stipulation.  Absent true

15  need for this approval, the parties have not explained why the Stipulation cannot simply be

16  treated as a binding contract between its signatories.

17                 4.      Continuing Jurisdiction

18          The parties agree that the court will "have continuing jurisdiction" over the

19  stipulated settlement agreement. (Stipulation ¶ 10.)  However, the parties have not offered any

20  reasons the court should agree to retain continuing jurisdiction over their agreement.  Again, this

21  action was filed in the Eastern District of California solely to effectuate enforcement of a

22  judgment from a district court in Illinois.  This court does not have any special knowledge of the

23  parties' dispute that would potentially help resolve future disputes.  The parties have not

24  explained why they could not initiate a new breach-of-contract action in the event of a breach of

25  the stipulated settlement agreement.

26  ////

1    The undersigned notes that, even if all of the foregoing issues are resolved and the

2  Stipulation is indeed ripe for judicial approval, the undersigned is generally disinclined to

3  maintain continuing jurisdiction over such agreements absent extraordinary circumstances.

4       5.      Closing This Case

5      Putting aside all of the above-described issues, it is not at all clear that the

6  parties' proposed stipulated settlement would also effectuate the closure of this pending

7  enforcement action, because the agreement does not clearly state as much.  Even if the court

8  approved the Stipulation as it is currently written, it is unclear what would happen to this pending

9  enforcement action.

10      Given the foregoing, it is HEREBY ORDERED THAT:

11      1.      The undersigned declines to approve the parties' Stipulation (Dkt. No. 77)

12              at this time, and the Stipulation is denied without prejudice to refiling.

13      2.      Within 30 days from the date of this order, the parties may file

14              supplemental briefing addressing each of the foregoing issues, and, if they

15              think it necessary, they may file an amended Stipulation.  If the parties

16              conclude that the Stipulation would be more appropriately filed before the

17              assigned United States District Judge, the parties may refile the Stipulation

18              before Judge Shubb.

19      IT IS SO ORDERED.

20  DATED:  November 8, 2012

21

22                              _____

23                              KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

24

25

26