IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEN GORDON, G7, INC, and
BG4, INC.,

    Plaintiffs and Creditors,        No. 2:10-mc-00070 WBS KJN

  v.

VITALIS PARTNERS, LLC, et al.,

    Defendants.        ORDER

_____/

On September 27, 2012, counsel for defendant Larry W. Harmon filed the proposed stipulated settlement (the "Stipulation") currently pending before the undersigned.[1] (Stipulation, Dkt. No. 77.) For the reasons that follow, the undersigned declines to approve the proposed Stipulation as currently drafted. The parties shall have 30 days from the date of this order in which to file a revised Stipulation, or, in the alternative, supplemental briefing supporting the current Stipulation and addressing each of the issues described below.

---

[1] At its commencement, this matter proceeded before the undersigned pursuant to Eastern District of California Local Rule 302(c)(11) ["Examinations of judgment debtors"] and 28 U.S.C. § 636(b)(1). (Dkt. No. 4 (Mot. for Order Requiring Exam. of J. Debtor).) Given that plaintiffs have now requested the court's intervention outside the scope of a judgment debtor examination, however, it is not clear whether this matter should continue to proceed before the undersigned pursuant to any subdivision of Local Rule 302(c), as described below.

1

## I. BACKGROUND

The Northern District of Illinois entered a judgment in plaintiffs' favor on January 27, 2010 (the "Judgment"). (See Dkt. No. 19 at 2-3.) On June 25, 2010, plaintiffs "registered" that foreign judgment in the amount of $1,386,666.67 in the Eastern District of California on grounds that "the Judgment Debtors reside in this District." (Dkt. No. 1; see also Dkt. No. 5, Attachment.) Plaintiffs sought to enforce the Judgment in the Eastern District of California, and asked this court to issue an Order Requiring the Examination of Judgment Debtor Larry Harmon. (Dkt. No. 8.) The court ordered the examination defendant Harmon as a judgment debtor. (Dkt. No. 10.) This court had no involvement in the underlying action that led to entry of the final Judgment in the Northern District of Illinois. In fact, this court's only role in this dispute, thus far, has been to order the examinations of judgment debtor Larry Harmon (Dkt. No. 8 at 1, Dkt. No. 69), Frank Castillo on behalf of third party Harmon-Castillo LLP (Dkt. No. 68), and of a third party custodian of records (Dkt. No. 70).

## II. DISCUSSION

### A. *Jurisdiction In Eastern District Of California vs. Northern District Of Illinois*

The parties have not compellingly shown that the Eastern District of California has authority to approve the settlement of a suit filed in this court solely to "enforce" the judgment of a district court in Illinois. If the Stipulation is intended to "settle" the enforcement action filed in this court, but not to settle *all* of the defendant's debts to plaintiffs that arise from the Judgment, the Stipulation is unclear in this regard.

### B. *Magistrate Judge's Authority And Timing Issues*

Even if the Eastern District of California properly has jurisdiction to approve the settlement of this enforcement action, it is not clear that the undersigned magistrate judge has authority/jurisdiction to approve the Stipulation. The magistrate judge's authority in this particular case has been pursuant to Eastern District of California Local Rule 302(c)(11)

["Examinations of judgment debtors"].  The pending Stipulation does not fall into the category of an "examination of judgment debtor."  Accordingly, the parties are invited to review Local Rule 302 and to consider refiling the Stipulation before the assigned United States District Judge.

Further, *if* the parties were to show that the undersigned has authority to approve the Stipulation, given that the Stipulation would potentially dispose of this case, at minimum the undersigned would have to issue proposed Findings and Recommendations for the district judge's review before the Stipulation can be fully approved.  If time is of the essence to the parties — and it seems to be, given certain upcoming dates listed in the Stipulation — the parties will likely need to request resolution of the Stipulation upon shortened time, request the district judge's approval of proposed Findings and Recommendations on shortened time, and/or seek some similar form of emergency relief.

      C.    *Substantive Questions About The Stipulation's Terms*

Even if the parties compellingly demonstrate that the undersigned has authority to approve of their Stipulation, substantive questions exist.

      1.    <u>The Unnamed "Lender"</u>

The parties deliberately decline to reveal the identity of a "Lender" that is repeatedly and materially referenced in the Stipulation.  Yet, the parties offer no reason for the secrecy surrounding the identity of the "Lender."  Similarly, the "Lender's" name is redacted from Exhibit B to the Stipulation, but no reason is given for the redaction.  Given that the Lender appears to play a somewhat significant role in the proposed stipulated settlement, the parties should identify the Lender, or explain why no such identification is necessary, or explain the need for secrecy with respect to the Lender's identity.

      2.    <u>The "Assignment" And The Non-Disclosure Provision</u>

According to the terms of the proposed Stipulation, the "Lender" has assigned to defendant Larry Harmon & Associates ("LHA") the "right to apply for" money (in the form of \

////

sales tax refunds)[2] from the State of California.  Moreover, as part of the stipulated settlement, LHA seeks to transfer those refunds to plaintiff Gordon immediately upon receiving them.  On the undersigned's review, the Stipulation reflects that LHA is effectively promising to obtain the money from the State of California, and then to immediately pay it to plaintiff "forthwith" and "by check."  (Stipulation ¶¶ 3-4.)  However, the parties' Stipulation also references California Regulation 1642(i)(4)(A)(8) (the "Regulation"), and under that regulation, it appears that LHA is *not allowed to assign the right* to receive the refunds.  See Cal. Code Regs. tit. 18, § 1642.

If Regulation 1642(i)(4)(A)(8) specifically prohibits LHA from "assigning" its right to be paid certain state refund monies, but LHA has promised to "forthwith" pay those monies to Gordon, have the parties effectively agreed to do an end-run around the Regulation's prohibition on assignment of the refunds?  Perhaps not, but the parties have not compellingly explained as much.

The Stipulation also contains a rather odd non-disclosure provision relating to this potential end-run around the Regulation's prohibition on assignment of the refunds.  The Stipulation includes the following provision: "[Plaintiff Gordon] shall not inform (directly or indirectly) any instrumentality of the State of California that Gordon has or asserts a claim or right against that refund, or that [defendant] Harmon has made any agreements with Gordon or anyone else respecting it."  (Stipulation ¶ 3.)  Somewhat disconcertingly, the parties do not

---

[2] When buyers default on their payments to the retailers/lenders, the State of California returns sales taxes that the retailers/lenders paid to the State for those sales.  According to a treatise, "[s]tate sales tax statutes generally require a vendor to collect the tax from the purchaser at the time of the sale and to remit the tax to the state with a tax return for the period in which the sale occurred. Thus, a vendor making a credit or installment sale to a customer who later defaults in payment will have remitted sales tax to the state that it could not collect from the customer. 'Bad debt' statutes provide relief to vendors in this situation. These statutes allow a vendor to credit the uncollectible amount of sales taxes against the taxes due on a subsequent tax return or, with the same result, to deduct the uncollectible receipts in computing the taxable receipts on such return. Some statutes also provide for a refund of the uncollected sales taxes previously paid." James A. Amdur, Recovery of Sales Taxes Paid on Bad Debts, 38 A.L.R. 6th 255 (2008). Here, an unidentified "Lender" has assigned to LHA the right to receive the sales taxes the state intends to pay to the Lender.  LHA now wants to pay those refunded sales taxes to plaintiff Gordon as part of a stipulated settlement.

explain why they do not want the State of California to be made aware, directly or indirectly, about their Stipulation.  Perhaps the reason is because if the State knew LHA was going to immediately pay Gordon the refund money, then the State would not pay out the money.  The undersigned does not prejudge these issues, and notes only that the parties have not offered any explanations for the above-described provisions of the Stipulation.

### 3. A Contract vs. A Court Order

It is unclear whether the Stipulation, which is already an agreement between the signing parties, also truly needs to be a court order.  While a settlement agreement is typically a binding contract between the parties regardless of whether the court approves it, here the parties have agreed that "[t]he foregoing agreements shall be effective only upon the entry by the Court of its order containing the provisions set forth" herein.  (Stipulation ¶ 10.)

Given this provision, it is not entirely clear whether any of the parties would decline to enter into the Stipulation were it not also an order of the court.  At minimum, the parties have not explained the need for the court's approval of their Stipulation.  Absent true need for this approval, the parties have not explained why the Stipulation cannot simply be treated as a binding contract between its signatories.

### 4. Continuing Jurisdiction

The parties agree that the court will "have continuing jurisdiction" over the stipulated settlement agreement.  (Stipulation ¶ 10.)  However, the parties have not offered any reasons the court should agree to retain continuing jurisdiction over their agreement.  Again, this action was filed in the Eastern District of California solely to effectuate enforcement of a judgment from a district court in Illinois.  This court does not have any special knowledge of the parties' dispute that would potentially help resolve future disputes.  The parties have not explained why they could not initiate a new breach-of-contract action in the event of a breach of the stipulated settlement agreement.

////

The undersigned notes that, even if all of the foregoing issues are resolved and the Stipulation is indeed ripe for judicial approval, the undersigned is generally disinclined to maintain continuing jurisdiction over such agreements absent extraordinary circumstances.

5. <u>Closing This Case</u>

Putting aside all of the above-described issues, it is not at all clear that the parties' proposed stipulated settlement would also effectuate the closure of this pending enforcement action, because the agreement does not clearly state as much.  Even if the court approved the Stipulation as it is currently written, it is unclear what would happen to this pending enforcement action.

Given the foregoing, it is HEREBY ORDERED THAT:

1. The undersigned declines to approve the parties' Stipulation (Dkt. No. 77) at this time, and the Stipulation is denied without prejudice to refiling.

2. Within 30 days from the date of this order, the parties may file supplemental briefing addressing each of the foregoing issues, and, if they think it necessary, they may file an amended Stipulation.  If the parties conclude that the Stipulation would be more appropriately filed before the assigned United States District Judge, the parties may refile the Stipulation before Judge Shubb.

IT IS SO ORDERED.

DATED: November 8, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE